■ JACQUELINE SALAZAR, an Infant, by Her Mother and Natural Guardian, NELLIE LOPEZ, et al., Appellants, v NEW YORK HOSPITAL, Respondent.—Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about Janu-

ary 5, 1989, affirmed, without costs and without disbursements, for the reasons stated by Helen Freedman, J. Concur—Kupferman, J. P., Ross and Kassal, JJ.

Rubin, J., concurs in part and dissents in part in a memorandum as follows: While I agree that the amount awarded by the jury for loss of services to the mother and natural guardian was excessive, I do not agree that the jury's award of $2,300,000 for custodial care for the infant plaintiff was similarly excessive nor that there was any rational basis for the reduction of the award for lost earnings from $600,000 to $300,000.

Plaintiffs' expert witness, Dr. Berenson, testified that the cost of custodial care would be between $2,293,668 and $2,817,244, estimates based upon an assumed life expectancy of 45 and 55 years, respectively. The jury's award for this item represented the low end of the range specified.

As for the reduction of the award for future earnings, Dr. Berenson testified that the infant plaintiff's expected lifetime earnings would be $681,927. The jury awarded $600,000 which was reduced by the IAS Justice to $300,000 based on the testimony of defendant's expert witness that, even absent the malpractice, the infant plaintiff would have been mildly retarded. Clearly, the credibility of this testimony was for the jury's assessment and where, as here, it's award is supported by a rational basis, it should not be disturbed.

Accordingly, I would reinstate the jury verdict in favor of the infant plaintiff totaling $4,000,000 and reduce the judgment to plaintiff Lopez to $100,000.